UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT BELL,            )  | |
|     Plaintiff,       ) | |
|                    ) | |
|     vs.                 ) | 1:08-cv-0172-RLY-JMS |
|                    ) | |
| OLDCASTLE GLASS, INC.,  ) | |
|     Defendant.      ) | |

## ENTRY ON DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT

This matter comes before the magistrate judge on Defendant's Motion for More Definite Statement, with Supporting Authority (Dkt. # 7). The motion is fully briefed, and being duly advised, the magistrate judge **DENIES** Defendant's motion for the reasons set forth below.

Defendant asserts that Plaintiff's complaint violates Federal Rule of Civil Procedure 8 because the complaint is silent as to the specific laws Plaintiff contends Defendant has violated. Accordingly, Defendant seeks a more definite statement pursuant to Fed.R.Civ.P. 12(e).

Plaintiff responds that his well-pled facts in the body of the complaint make clear that a recognized legal theory exists upon which relief could be granted. He further asserts that the gravamen of the complaint is clear, that being Plaintiff was discriminated against in the workplace because of race. Plaintiff's complaint claims that Defendants actions "constitute violations of both Indiana and federal civil rights and employment law." (Complaint ¶ 20).

Fed.R.Civ.P. 12(e) provides: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Rule 12(e) "is designed to strike at unintelligibility rather than want of detail. If the

pleading meets the requirements of Rule 8 and fairly notifies the opposing party of the nature of the claim, a motion for a more definite statement will not be granted." J. Moore, A. Vestal, & P. Kurland, Moore's Manual: Federal Practice and Procedure, Sec. 11.07[1] at 11-68 (1997). Generally Rule 12(e) motions are disfavored. *Vician v. Wells Fargo Home Mortg.,* 2006 U.S.Dist. LEXIS 26141 (N.D.Ind. 2006) at *27.

In turn, federal notice pleading pursuant to Rule 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). "The plaintiff is not required to plead facts or legal theories or cases or statutes, but merely to describe his claim briefly and simply." *Shah v. Inter-Continental Hotel Chi. Operating Corp.,* 314 F.3d 278, 282 (7th Cir. 2002 ).

Both parties rely on *Patrick v. City of Chicago,* 2007 U.S. Dist. LEXIS 22251 (D.Ill. 2007) in support of their respective positions. The magistrate judge is perplexed as to how this case supports Defendant's position. As pointed out by Plaintiff, the court in that matter denied the request for a more definite statement, finding that the "complaint makes clear that some recognized legal theory exists upon which relief could be accorded." *Id.* at *15 (internal quotations omitted).

The magistrate judge finds, as Plaintiff contends, that his complaint clearly sets forth the legal theory of his claim: he was denied a promotion due to his race in violation of state and federal civil rights and employment law. (Complaint ¶ 18, 20). His complaint is not so vague or ambiguous that Defendant cannot frame an answer; Defendant is fairly notified of the nature of the claim.

Furthermore, Plaintiff is not required to specify the laws or statutes applicable to his claims. For example, in a suit to collect on a promissory note, "all the plaintiff has to allege is

that he is holding the defendant's note to him and the defendant owes him dollars on it.  He doesn't have to specify the statute or common law principle that the defendant has violated by failing to pay him." *Shah v. Inter-Continental Hotel,* 314 F.3d at 282.  In a racial discrimination in employment case, all the complaint need say is "I was turned down for a job because of my race." *Bennett v. Schmidt,* 153 F.3d 516, 518 (7th Cir. 1998).

For the foregoing reasons, Defendant's Motion for a More Definite Statement is **DENIED.**  Pursuant to Rule 12(e), Defendant has ten days from the date of this order within which to file its responsive pleading to Plaintiff's complaint.

**SO ORDERED.**

02/25/2008

Distribution:

_____
Jane Magnus-Stinson
United States Magistrate Judge
Southern District of Indiana

Johane Frantz Jean
BAKER & DANIELS, LLP
johane.jean@bakerd.com

Douglas D. Jeschke
djeschke@jeschkelaw.com

John T. Neighbours
BAKER & DANIELS
jtneighb@bakerd.com